```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                          Plaintiff,                        :       24 Cr. 153 (LGS)
                                                            :
             -against-                                      :       ORDER
                                                            :
JOHN ARTHUR HANRATTY,                                       :
                          Defendant.                        :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

**Procedural Background**

WHEREAS, the Opinion and Order, filed November 26, 2024, (the "Order") among other things, granted Defendant's motion for a probable cause hearing pursuant to *United States v. Monsanto*, 491 U.S. 600 (1989), on the basis that the post-indictment restraining order ("PIRO"), entered March 25, 2024, freezing all of the assets of Fund 1 and Fund 2 violates his Sixth Amendment right to counsel and his Fifth Amendment right to due process because the assets are not properly restrained and are needed to pay Defendant's criminal defense. The Order reserved decision pending such hearing on Defendant's motion to vacate the PIRO to allow for the bankruptcy court liquidation of the bankruptcy estate.

WHEREAS, on December 30, 2024, the parties filed Stipulated Facts obviating the need for an evidentiary hearing, and on January 8, 2025, each filed a supplemental submission relating to Defendant's motion. On January 7, 2025, Emigrant Business Credit Corporation, pursuant to the Crime Victims' Rights Act, filed a letter regarding Defendant's motion.

WHEREAS, on January 13, 2025, oral argument was heard on Defendant's motion to vacate the PIRO.

**Basis for the Ruling**

For the reasons explained in further detail at the hearing and in the Government's submissions, which in relevant part are incorporated herein, the motion to vacate the PIRO is denied below for two independent reasons.  First, the motion rests on Defendant's need to access the restrained funds to pay his legal fees.  However, the restrained funds do not belong to Plaintiff and are unavailable to fund his fees because they are payable first to EBCC pursuant to the borrowing companies' operating agreements, and because they are subject to the preliminary injunction issued in the civil suit.  Second, the Government has satisfied "the relatively modest burden of demonstrating probable cause to believe the assets are properly forfeitable," *United States v. Bonventre*, 720 F.3d 126, 131 (2d Cir. 2013), because they were "involved in" Defendant's alleged offenses in violation of 18 U.S.C. § 1957.  *See* 18 U.S.C. § 982 (stating in relevant part that the court "shall order that [the convicted defendant] forfeit to the United States any property, real or personal, involved in [a violation of § 1957]").

WHEREAS, Defendant's motion in the alternative to vacate the PIRO to allow for the bankruptcy court liquidation of the bankruptcy estate is denied because the bankruptcy case has been dismissed.

**Defendant's Arguments**

WHEREAS, Defendant argues that the assets of Fund 1 and Fund 2 are not forfeitable because (1) they are not personally owned by Defendant; (2) the "involved in" test/facilitation approach has been abrogated by *Honeycutt v. United States*, 581 U.S. 443 (2017) and *Luis v. United States*, 578 U.S. 5 (2016); (3) the "involved in" test/facilitation approach applies only to § 1956, not § 1957; and (4) the funds obtained from EBCC have been paid out, and any assets in

Fund 1 and Fund 2 are not forfeitable under § 982(b)(2) as they are only middlemen. These arguments are unpersuasive or are incorrect as explained below.

WHEREAS, before briefly addressing each individual argument, the Court's statutory interpretation of the relationship between 18 U.S.C. § 982 and 21 U.S.C. § 853(a) is clarified, and Defendant's interpretation is rejected. Section 982's "involved in" test controls forfeitability in money laundering cases: "The court, in imposing sentence on a person convicted of an offense in violation of [18 U.S.C.] section 1956, 1957, or 1960 . . . shall order that the person forfeit to the United States any property . . . involved in such offense, or any property traceable to such property." The provisions of 18 U.S.C. § 982(a), not 21 U.S.C. § 853(a), determine what property is forfeitable following a money laundering conviction. Section 982(a)(1)(A) authorizes forfeiture of "any property, real or personal, *involved in* such [money laundering] offense, or any property traceable to such property." *Id.* (emphasis added). Section 982(b) incorporates only the *procedures* in § 853 for a pre-conviction restraining order. *See United States v. Watts*, 786 F.3d 152, 160 (2d Cir. 2015). These procedures do not displace the substantive scope of forfeiture laid out in 18 U.S.C. § 982(a)(1).

WHEREAS, as for Defendant's individual arguments, first, Defendant argues that the assets of Fund 1 and Fund 2 are not forfeitable because they are not personally owned by Defendant. Defendant's indirect control of Fund 1 and Fund 2 is no defense because the statutory wording of § 982 "makes sufficiently clear that criminal forfeiture is not a measure restricted to property owned by the criminal defendant; it reaches *any* property that is involved in the offense." *De Almeida v. United States*, 459 F.3d 377, 381 (2d Cir. 2006) (emphasis in original). *Honeycutt*'s reiteration of the ownership requirement in § 853(a), 581 U.S. 448-50, does not apply to forfeiture under § 982 as explained in the preceding paragraph.

WHEREAS, second, Defendant argues the "involved in" test/facilitation approach has been abrogated by *Honeycutt*, 581 U.S. 443, and *Luis*, 578 U.S. 5. But *Honeycutt* and *Luis* do not undermine the prevailing approach in this Circuit as they both address forfeiture under provisions that include a statutory ownership requirement. *Honeycutt* addresses § 853(a)(1), authorizing forfeiture of property "obtained, directly or indirectly" by the defendant. 581 U.S. at 448-50. *Luis* deals with 18 U.S.C. § 1345(a)(2), authorizing an injunction against "alienating or disposing of property . . . obtained as a result of . . . a Federal health care offense or property which is traceable to such violation." 18 U.S.C. § 1345(a)(2); 578 U.S. at 8-9.

WHEREAS, third, Defendant argues that the "involved in" test/facilitation approach applies only to § 1956, not § 1957. As explained above, the "involved in" test applies to § 1956 and § 1957 cases equally under the express language of § 982(a)(1). Courts have applied § 982's language across the board for money laundering offenses under sections 1956, 1957 and 1960. *See, e.g.*, *De Almeida*, 459 F.3d at 381 (applying § 982(a)(1) "involved in" test to violation of § 1960).

WHEREAS, fourth, Defendant argues that the funds obtained from EBCC have been paid out, and any assets in Fund 1 and Fund 2 are not forfeitable under § 982(b)(2) as they are only middlemen. Because the assets of Fund 1 and Fund 2 are property "involved in" the money laundering offenses and thus forfeitable, it does not matter whether the original funds involved in the alleged money laundering have been paid out to investors or third parties. 18 U.S.C. § 982(a). Moreover, § 982(b)(2)'s limitation on substitute property does not apply because Fund 1 and Fund 2 were not "act[ing] merely as an intermediary" but actively involved in operating the business, including paying vendors and contractors and purchasing liens. *Id.* § 982(b)(2).

It is hereby

**ORDERED** that Defendant's motion to vacate the PIRO is **DENIED** for the reasons discussed at the conference and/or as stated above.  It is further

**ORDERED** that by January 20, 2025, Defendant shall file a letter including any request for appointment of counsel under the Criminal Justice Act.

Dated:  January 14, 2025
         New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**