```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
   UNITED STATES OF AMERICA,                                 :
                                                             :
                        -against-                            :     24 Crim. 153 (LGS)
                                                             :
   JOHN ARTHUR HANRATTY,                                     :     ORDER
                                                 Defendant. :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

On March 17, 2025, Defendant filed four motions in limine, and the Government filed six motions in limine. The motions are resolved as follows:[1]

I.    **DEFENDANT'S MOTIONS IN LIMINE**

**Defendant's Motion in Limine No. 1**. Defendant's motion to prohibit the Government from describing Emigrant Business Credit Corporation ("EBCC") as a bank is granted under Rule 403. The Government concedes that EBCC is not an FDIC-insured bank. The limited probative value of referring to EBCC as a bank is substantially outweighed by the risk of confusing the jury, which may assume that EBCC is an FDIC-insured bank. The Government may use a shorthand term to refer to EBCC, provided that the term is made clear to the jury and does not include "bank."

**Defendant's Motion in Limine No. 2**. Defendant's motion to prohibit the Government from representing that Defendant was indicted for money laundering is denied because a violation of 18 U.S.C. § 1957 is commonly referred to as a money laundering offense. *See, e.g.*, *United States v. Silver*, 948 F.3d 538, 575 (2d Cir. 2020) (referring to 18 U.S.C. § 1957 as "[t]he money laundering statute"); *Whitfield v. United States*, 543 U.S. 209, 215 (2005) (noting

---

[1] All references to rules refer to the Federal Rules of Evidence.

"substantive money laundering offenses in §§ 1956(a) and 1957").[2] The jury will be told to follow the Court's instructions as to what § 1957 requires and not a lay person's assumptions about what the charged crime might be.

**Defendant's Motion in Limine No. 3**. Defendant's motion to prohibit the Government from using any borrowing base certificate Ebury Street Capital, LLC ("Ebury") submitted on January 31, 2021, as the basis of fraud is denied as moot, as the Government has stated that it does not intend to do so.

**Defendant's Motion in Limine No. 4**. Defendant's motion to exclude Joseph Iannuccilli from testifying is denied as moot, as the Government has stated that it does not intend to call him as a witness.

II.     **GOVERNMENT'S MOTIONS IN LIMINE**

**Government's Motion in Limine No. 1**. The Government's motion to:

(1)    Introduce Defendant's prior statements is granted as unopposed. Defendant may supplement with any statements from the same source as "needed for a full understanding of the portions introduced by the [G]overnment." *United States v. Jackson*, 658 F.3d 145, 149 (2d Cir. 2011).

(2)    Introduce Former Ebury employees' statements to each other, to Ebury investors and to EBCC is granted subject to the Government laying the foundation at trial (1) that the employees were Defendant's agents, (2) that the statements were "made during the course of the [agency] relationship" and (3) that the statements "relate[] to a matter within the scope of the agency." *United States v. Rioux*, 97 F.3d 648, 660 (2d Cir. 1996) (citing Rule 801(d)(2)(D));

---

[2] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnote and citations are omitted, and all alterations are adopted.

2

*accord United States v. Motovich*, No. 21 Crim. 497, 2024 WL 3303723, at *11 (E.D.N.Y. July 2, 2024). The Government may satisfy the first requirement by showing that the employees "were answerable and directly responsible to" Defendant. *Rioux*, 97 F.3d at 660; *accord Motovich*, 2024 WL 3303723, at *11. The Government may satisfy the third element by showing that the declarant-employee was "an advisor or other significant participant in the decision-making process that is the subject matter of the statement" or that the statement enforced or communicated an "attitude" or "policy" of Defendant. *See Rioux*, 97 F.3d at 661; *see also Equal Emp. Opportunity Comm'n v. AZ Metro Distribs., LLC*, No. 15 Civ. 5370, 2020 WL 7404432, at *10 (E.D.N.Y. Dec. 16, 2020) (following *Rioux* in the civil context).

(3) Introduce Broker-2's statements regarding his communications with a tax lien investment firm in September 2019 is granted subject to the Government laying a foundation at trial that Broker-2 acted at the behest of Defendant. Rule 801(d)(2)(D); *Rioux*, 97 F.3d at 660.

(4) Introduce the 2019 Audit Reports is granted as unopposed.

(5) Allow the Auditor's testimony about the 2019 Audit Reports, which he prepared, is granted as to the Auditor's testimony at trial, which is not an out-of-court statement; and is denied without prejudice as to any of the Auditor's prior, out-of-court statements. If the Government seeks to introduce such out-of-court statements, it must establish an applicable hearsay exception on or before the preceding trial day outside the hearing of the jury.

(6) Call the Auditor to testify about any statements of, and documents provided by, Defendant and Ebury employees to the Auditor is granted. (a) To the extent these statements and documents are not offered for the truth of the matter asserted, but rather to show what was represented or given to the Auditor or what the Auditor relied on, they are not hearsay and therefore are admissible. *See* Rule 801(c)(2). (b) To the extent these statements and documents

are offered for the truth and were provided by Defendant to the Auditor, the motion is granted as they are allowed as party admissions. (c) To the extent these statements and documents are offered for the truth and were provided by Ebury employees to the Auditor, the motion is granted, but subject to satisfying the same three-part agency test set forth above, or subject to laying the foundation for the business records exception to the hearsay rule. *See* Rule 801(d)(2)(D); *Rioux*, 97 F.3d at 660.

**Government's Motion in Limine No. 2**.  The Government's motion to:

(1) Introduce Broker-1's communications with Defendant about backdating tax liens is denied under Rules 404(b)(1) and 403. The limited probative value of Defendant's contemplation of committing a fraud that would have affected the value of the collateral but never occurred is substantially outweighed by the danger of prejudice, where the jury might improperly consider the evidence as bearing on Defendant's character and propensity to commit fraud.

(2) Introduce evidence that Defendant falsely represented that he was a director of MTAG, a third-party tax lien custodian and servicer (the "MTAG Evidence") is denied. The MTAG Evidence consists of a May 19, 2018, sworn assignment tax sale certificate signed by Defendant purportedly as a director of MTAG submitted to Burlington County, New Jersey; and the testimony from a MTAG's representative would explain that the document from MTAG was necessary to assign the liens in question because MTAG was their custodian and servicer, and that Defendant was not a MTAG director or employee. This motion is denied under Rules 401 (relevance) and 404(b)(1) (propensity evidence). (a) The Government argues that Defendant's falsely claiming to be a director of MTAG is direct evidence that he "defrauded Emigrant Bank by claiming to use MTAG as custodian and servicer when that was largely not true" -- i.e., that

"MTAG acted as a custodian and servicer for only a small fraction of Ebury's collateral." However, the Government acknowledges that MTAG actually was the custodian and servicer of the tax liens that were the subject of the document that Defendant signed, which was why MTAG needed to sign off on the tax sale.  Therefore, the MTAG evidence does not show that Defendant falsely claimed that MTAG was acting as a custodian and servicer of the liens. Moreover, to the extent that the MTAG Evidence is direct evidence of fraud, it is fraud on Burlington County, to whom the document was submitted, not on Emigrant Bank, the alleged victim of the fraud charged.  The MTAG Evidence is not relevant under Rule 401.  (b)  The Government further argues that the MTAG Evidence is admissible under Rule 404(b) because evidence of Defendant's "willing[ness] to mislead others about his relationship with MTAG" shows the "absence of mistake in his similar lies to Emigrant Bank."  This argument is flawed because the alleged lies were not similar, as described above, and the evidence at most shows propensity to lie about his relationship with MTAG, which makes the evidence inadmissible under Rule 404(b)(1).

(3)    Introduce evidence that Defendant repledged collateral belonging to Emigrant Bank to Lender-2 in order to obtain money and, thereafter, sold that collateral without notice to Lender-2 is granted in part and denied in part.  The motion to call Lender-2 to testify is granted as unopposed regarding Lender-2's expected testimony about Defendant's October 2021 loan from Lender-2 and Defendant's subsequent sale of Rochester Property-1 without notice to Lender-2, and is denied regarding hypothetical questioning of Lender-2.  Whether Lender-2 would have loaned money to Defendant had it known that the property was EBCC's collateral has limited probative value as to whether Defendant defrauded EBCC or Emigrant Bank but carries significant risk of confusing the jury.  *See* Rule 403.

5

**Government's Motion in Limine No. 3**.  The Government's motion to ask fact witnesses hypothetical questions concerning materiality is granted as to EBCC witnesses -- to the extent that the witnesses' answers are based on their personal knowledge of EBCC's business practices.  The expected testimony is not prejudicial because of the motive and bias of EBCC witnesses, as Defendant argues, because Defendant will have ample opportunity to challenge their credibility on cross-examination.  Other fact witnesses may testify about industry norms relating to materiality only after the Government has laid a sufficient foundation that they are qualified to do so.

**Government's Motion in Limine No. 4**.  The Government's motion to treat (1) third-party business records and (2) ownership and assignment records for tax liens as authenticated under Rules 902(1) and 902(11), respectively, is granted as unopposed.  The parties are encouraged to stipulate to the authenticity of documents as to which there is no genuine question or dispute as to authenticity.  The Government's motion to limit the scope of cross examination of record custodians, should authenticity be in issue, is also granted as unopposed.

**Government's Motion in Limine No. 5**.  The Government's motion to:

(1)     Prohibit Defendant from arguing or introducing evidence that EBCC was negligent is granted because EBCC's conduct is irrelevant to Defendant's state of mind.  *See United States v. Frenkel*, 682 F. App'x 20, 22 (2d Cir. 2017) (summary order) (affirming preclusion because a victim's negligence is not a defense to fraud); *United States v. Adelekan*, 567 F. Supp. 3d 459, 470 (S.D.N.Y. 2021) (granting preclusion because the issue is solely the defendant's intent).

(2)     Exclude evidence of Defendant's personal circumstances is granted as unopposed.

(3)     Preclude an advice-of-counsel defense is granted as unopposed.

**Government's Motion in Limine No. 6**. The Government's motion to:

(1)     Prohibit Defendant, in his cross-examination of EBCC witnesses, from asking about positions or claims in EBCC's lawsuit against Defendant and Ebury pending in New York County Supreme Court is granted as unopposed.

(2)     Prohibit Defendant, in his cross-examination of Broker-1, from

(a)     Introducing extrinsic evidence regarding Defendant's two lawsuits against Broker-1 is denied.  This evidence is highly probative of Broker-1's bias against Defendant and thus admissible under Rule 608.  The risk of confusion and unfair prejudice is low under Rule 403 because the facts of those lawsuits substantially overlap with the facts in issue here, and Defendant states that he does not intend to create a mini-trial of those lawsuits.

(b)     Introducing extrinsic evidence regarding non-parties' lawsuits against Broker-1 is granted.  Defendant may inquire about them in cross examination on the issue of Broker-1's truthfulness but may not introduce extrinsic evidence about them under Rule 608(b).

(c)     Inquiring about Broker-1's alleged shoplifting, sexual assault, domestic violence, physical fights, involvement with prostitution and failure to pay Broker-2's commissions is granted as unopposed.

(d)     Inquiring about Broker-1's default on credit cards and credit line is granted.  Absent any allegation that Broker-1's default is accompanied by false statements, the default does not bear on Broker-1's truthfulness and is inadmissible under Rule 608(b).  Nor is Broker-1's credit history or state of mind relevant to Defendant's intent under Rule 401.

(e)     Inquiring about Broker-1's use of marijuana and cocaine is denied. Defendant may inquire about Broker-1's substance use.  If Broker-1 denies such use, Defendant may introduce extrinsic evidence for the sole purpose of impeaching Broker-1's competency to

recall the conversations. *See* Advisory Committee Note to 2003 Amendment to Rule 608 (clarifying that Rule 608 does not "bar extrinsic evidence for bias, competency and contradiction impeachment").

\* \* \*

The Clerk of Court is respectfully directed to enter on the docket only the following as the substance of this Order:

The Court's detailed rulings are as set forth in this Order. In sum, Defendant's application to:

(i) prohibit the Government from describing EBCC as a bank is **GRANTED**;

(ii) prohibit the Government from describing the indicted offense as money laundering is **DENIED**;

(iii) exclude the January 31, 2021, submission is **DENIED** as moot;

(iv) exclude Joseph Iannuccilli from testifying is **DENIED** as moot.

The Government's application to:

(i) admit Defendant's statements, former Ebury employees' statements, Broker-2's statements, the 2019 Auditor Reports and the statements and documents on which the Reports were based, is **GRANTED**, subject to the conditions set forth above;

(ii) admit Broker-1's communications with Defendant regarding backdating liens is **DENIED**;

(iii) admit the MTAG Evidence is **DENIED**;

(iv) admit evidence related to Lender-2 is **DENIED** as to the hypothetical questioning of Lender-2 and otherwise **GRANTED** as unopposed;

(v) allow hypothetical questioning of EBCC witnesses is **GRANTED**;

8

(vi)    permit authentication of business records and public lien records and limit scope of cross-examination of custodians is **GRANTED** as unopposed;

(vii)    preclude Defendant from arguing EBCC's negligence is **GRANTED**;

(viii)    exclude evidence of Defendant's personal circumstances and preclude Defendant from arguing attorney presence or from questioning EBCC witnesses regarding claims in the civil lawsuit is **GRANTED** as unopposed;

(ix)    preclude Defendant from introducing extrinsic evidence regarding Broker-1's past litigation is **DENIED** as to Defendant's two lawsuits against Broker-1 and otherwise **GRANTED**;

(x)    preclude Defendant from cross-examining Broker-1 regarding prior acts is **DENIED** as to inquiry and extrinsic evidence about substance use and otherwise **GRANTED**.

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 93 and 94.

Dated: April 10, 2025
       New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**