

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

April 17, 2025

**BY ECF**

Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

> The Government shall file a status letter by **June 20, 2025**, appraising the Court of the status of the Second Circuit appeal. So Ordered.
>
> Dated: April 22, 2025
> New York, New York
>
> LORNA G. SCHOFIELD
> UNITED STATES DISTRICT JUDGE

Re:  *United States v. John Arthur Hanratty*, 24 Cr. 153 (LGS)

Dear Judge Schofield:

The Government respectfully writes in response to the Court's order dated April 15, 2025, to address the need for a new trial date and inviting the Government to address "the legal principal that jeopardy will attach once a 'jury is empaneled and sworn.'" (Dkt. 117).

Due to the concerns previously cited by the Government in its oppositions to prior adjournment and stay motions—namely, the length of time this matter has pending; the alleged conduct dates back to 2017; a civil action concerning similar conduct continues to be stayed at the defendant's request pending resolution of this matter; and it is undisputed that the value of the assets the defendant is alleged to have misappropriated decreases each day, (*see generally* Dkt. 64, 90, and 116), the Government respectfully requests that the trial be rescheduled for July 21, 2025, the earliest available date provided by the Court. While this date presented conflicts for several Government witnesses (*see* dkt. 116), the Government has since made arrangements to modify pre-existing witness travel plans in order to accommodate the Court's earliest available trial date. We understand that the defense consents to adjourning the trial until July 21, 2025.

Based on the Court's Individual Trial Rules, which provide for approximately five hours of testimony each day, the Government estimates that its case in-chief, including an estimate for cross-examination, will require approximately six to seven trial days or 30 to 35 hours of testimony. *See* Individual Rule II(A)(1)(a). In preparing for trial, including travel logistics for many out-of-state witnesses, the Government understands that the Court will sit for trial Monday through Thursday each week. In the event that the anticipated schedule for trial is modified, the

Government respectfully requests notification as soon as practicable so that it can coordinate witness travel logistics accordingly.

Finally, with respect to double jeopardy, the Government understands the Court remains concerned that the Second Circuit could rule on the defendant's Sixth Amendment interlocutory appeal during trial, even with the current adjournment. Given that oral argument will be held next week with respect to the defendant's motion for a stay, which may shed light on this issue, the Government respectfully proposes to provide a letter update to the Court following further proceedings in the Circuit. The Government proposes to provide this letter by June 21, 2025 (one month in advance of the anticipated trial date), if not sooner.

Regardless, in the unlikely event that the Court were forced to declare a mistrial due to a mid-trial ruling by the Circuit in favor of the defendant, double jeopardy would not apply. The Supreme Court has made clear that the Double Jeopardy Clause does not "offer a guarantee to the defendant that the State will vindicate its societal interest in the enforcement of the criminal laws in one proceeding." *Oregon v. Kennedy*, 456 U.S. 667, 672 (1982). "It has long been settled that the constitutional prohibition against double jeopardy does not bar a second trial when the trial court has declared a mistrial based on 'manifest necessity.'" *United States v. Millan*, 17 F.3d 14, 19 (2d Cir. 1994). "[W]hen unforeseen events intrude into the trial, the trial judge's decision whether manifest necessity exists to declare a mistrial should be afforded the 'highest degree of respect.'" *Id*. Any decision of the Court would be reviewed by the Circuit for "abuse of discretion." *Id*. Because a mid-trial Circuit ruling on the defendant's interlocutory appeal (despite the Circuit's declination to order a stay in advance of the known trial date) would be precisely the sort of unforeseen event that would give rise to "manifest necessity" for a mistrial, double jeopardy should not attach. Indeed, courts routinely order mistrials for manifest necessity—and double jeopardy does not attach—when a jury cannot reach a verdict. *See Blueford v. Arkansas*, 566 U.S. 599, 609 (2012) (noting that the trial court's reason for declaring a mistrial—"that the jury was unable to reach a verdict—has long been considered the 'classic basis' establishing such a [manifest] necessity").

For these reasons, the Government respectfully requests that the Court proceed to reschedule trial in this matter for the Court's next available date, July 21, 2025. The Government, with the consent of the defendant, accordingly requests that the Court exclude time pursuant to the Speedy Trial Act, 18 U.S.C. Section 3161(h)(7)(A), until July 21, 2025. Such an exclusion will serve the ends of justice by permitting the parties to continue to address the defendant's interlocutory appeal to the Second Circuit and to continue to prepare for trial, pursuant to the

Court's finding that these circumstances outweigh the best interest of the public and the defendant in a speedy trial.

          Respectfully submitted,

          MATTHEW PODOLSKY
          Acting United States Attorney

by:   /s/
       Danielle Kudla / Adam Sowlati
       Assistant United States Attorneys
       (212) 637-2304 / 2438

Cc:    Defense Counsel (by ECF)