UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                                                  :
UNITED STATES OF AMERICA,            :
                                                                                  :
           -against-                     :          24 Crim. 153 (LGS)
                                                                                 :
JOHN ARTHUR HANRATTY,              :          **ORDER**
                                                 Defendant.  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on March 17, 2025, Defendant filed four motions in limine, which the Court addressed in its April 10, 2025, Order.

       WHEREAS, Defendant's Motion in Limine No. 4 ("MIL 4") was denied as moot based on the Government's representation that it would not call Mr. Joseph Iannuccilli of Sound Shore Financial, LLC ("SSF") -- the witness at issue in Defendant's motion.

       WHEREAS, at the final pretrial conference on July 7, 2025, the Government stated that it may call an associate of Mr. Iannuccilli's, whose anticipated testimony would be substantively similar. The Government proffered in substance that this witness would discuss an audit of Ebury that was conducted by SSF. The witness's testimony would be based on direct communications with Defendant. Specifically, the witness would testify that he communicated with Defendant about obtaining information for the audit, that the Defendant did not provide the information, and that the audit was never completed.

       WHEREAS, Defendant subsequently renewed MIL 4, objecting to the testimony under Federal Rules of Evidence ("FRE") 401, 403, 701(c), 704, 802 and 806. *See* Dkt. 93 at 2, 7. In response, the Court heard argument and reviewed the prior briefing on MIL 4.

WHEREAS, based on the Government's proffer, the FRE 701, 704, 802 and 806 objections are denied as moot. To the extent Defendant's hearsay objections include statements made by Defendant, they are denied as admissions of a party opponent. *See* Fed. R. Evid. 801(d)(2)(A). The witness's requests for information are not statements offered for the truth. *See* Fed. R. Evid. 801(a), (c).

WHEREAS, the remaining 401 and 403 objections go to weight, not admissibility. Defendant argues that the proposed testimony is not relevant as SSF associates can only testify about the firm's ex-post analysis of Ebury's assets, and to the extent that it is relevant, the proposed testimony is substantially outweighed by the risk of unfair prejudice. *See* Dkt. 93 at 7. These arguments are unpersuasive. Any temporal gaps are properly explored on cross examination, and any potential prejudice does not substantially outweigh the probative value of the proffered testimony. *See* Fed. R. Evid. 401, 403. It is hereby

**ORDERED** that Defendant's renewed Motion in Limine No. 4 is **DENIED**.

Dated: July 9, 2025
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE