```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
  UNITED STATES OF AMERICA,                                 :
                                                            :   24 Crim. 153 (LGS)
                       -against-                            :
                                                            :        ORDER
  JOHN ARTHUR HANRATTY,                                     :
                                         Defendant.         :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on June 30, 2025, the Government issued a so-called "if, as, and, when" subpoena to Defendant pursuant to Federal Rule of Criminal Procedure 17(c) (the "Subpoena"). See Dkt. 134 at 18-20. The Subpoena states: "If, as, and when you determine that you will testify in your own defense, produce the documents and information in your possession, custody or control, or the possession, custody or control of your agent(s), listed on the attached rider." Id. at 18. The rider lists eleven categories of documents, including records and communications related to Ebury Street Capital, LLC's tax lien portfolio. Id. at 19-20.

WHEREAS, on July 7, 2025, Defendant moved to quash the Subpoena, arguing that "no law allows federal prosecutors to subpoena a criminal defendant just because he chooses to testify in his own defense." See id. at 14. Specifically, Defendant challenges the constitutionality of the Subpoena on the ground that it "appears to violate Mr. Hanratty's due process rights." Id. Defendant also raises individual objections to three requests:

    a)     Request Two: Any and all records demonstrating that, as of January 13, 2021, Ebury owned tax liens with a redemptive value of $26.5 million;

    b)     Request Three: Any and all records concerning any third-party valuation of the Ebury tax lien portfolio since January 1, 2023; and

1

  c)  Request Four: Any communications concerning the preparation of the Ebury January 31, 2021, borrowing base spreadsheet submitted to Emigrant Bank or Emigrant Business Credit Corporation (together, "Emigrant Bank").

*See* Dkt. 134 at 19.

  WHEREAS, the Government opposed Defendant's motion by letter dated July 9, 2025. *See* Dkt. 139. The Government argues that Defendant need only produce the requested documents if he chooses to testify in his own defense; that should he choose to do so, he waives his "act of production" privilege, which is based on his Fifth Amendment right; and that he is thus subject to the requirement to produce documents pursuant to Federal Rule of Criminal Procedure 17(c), like any other witness. *Id*. at 17.

**<u>Applicable Law</u>**

  WHEREAS, the "act of production" doctrine derives from the Fifth Amendment privilege against self-incrimination. *See Balt. City Dep't of Soc. Servs. v. Bouknight*, 493 U.S. 549, 555-56 (1990); *Doe v. United States*, 487 U.S. 201, 209 (1988); *United States v. Doe*, 465 U.S. 605, 612 (1984); *Fisher v. United States*, 425 U.S. 391, 409-10 (1976). The doctrine protects individuals from compelled production of documents when the production could implicitly communicate incriminating facts, such as the admission that "papers existed, were in [the producing party's] possession or control, and were authentic." *United States v. Hubbell*, 530 U.S. 27, 36-37 (2000); *accord United States v. Fridman*, 974 F.3d 163, 174 (2d Cir. 2020).

  WHEREAS, the applicability of the doctrine meaningfully changes when a criminal defendant chooses to testify in his own defense. By waiving his Fifth Amendment privilege, a defendant "consequently open[s] himself to cross-examination on *all the facts in issue*, just as any other witness does." *United States v. Buckner*, 108 F.2d 921, 928 (2d Cir. 1940) (emphasis added); *see Raffel v. United States*, 271 U.S. 494, 497 (1926) (explaining that a defendant's waiver of his Fifth Amendment right is "not partial" and that "having once cast aside the cloak of

immunity, he may not resume it at will").[1] A defendant's "voluntary offer of testimony upon any fact is a waiver as to *all other relevant facts*, because of the necessary connection between all." *Johnson v. United States*, 318 U.S. 189, 195 (1943); *accord Kansas v. Cheever*, 571 U.S. 87, 94 (2013) ("A [criminal] defendant has no right to set forth to the jury all the facts which tend in his favor without laying himself open to a cross-examination upon those facts.").

WHEREAS, a defendant who "elects to testify" therefore subjects himself to the production of "documents . . . [that] may be used on cross-examination to impeach" him. *United States v. Ovu*, No. 91 Crim. 922, 1992 WL 309804, at *1-2 (S.D.N.Y. Oct. 9, 1992) (narrowing but upholding a subpoena that required the defendant to "produce at trial, 'if, as and when' he chooses to testify, a broad array of documents"); *accord United States v. Mizrahi*, No. 22 Crim. 650, 2024 U.S. Dist. LEXIS 31445, at *1-4 (S.D.N.Y. Feb. 23, 2024) (rejecting constitutional objections to motion to quash "if, as, and when" subpoena); *cf.*, *United States v. Nguyen*, 507 F. App'x 64, 66 (2d Cir. 2013) (summary order) (rejecting defendant's argument that the district court "impermissibly chilled his right to testify . . . by ordering him to produce '[a]ny and all appointment books, calendars, and diaries from 2006 through 2010'").

**Discussion**

WHEREAS, the Subpoena does not violate Defendant's due process rights under the Fifth Amendment. Compliance with the Subpoena is required only if Defendant chooses to testify. Should he do so, he opens himself up to cross examination on "all the facts in issue, just as any other witness does." *Buckner*, 108 F.2d at 928; *Mizrahi*, 2024 U.S. Dist. LEXIS 31445, at *3 ("As the Government explains, compliance with the subpoena is required only if and when

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

[defendant] chooses to testify, and when a defendant takes the stand in his defense, he surrenders his Fifth Amendment privilege for proper cross-examination."). As the Subpoena requests materials with logical links to Defendant's anticipated testimony, should he take the stand, Defendant's constitutional objection is overruled.

WHEREAS, whether the Requests are impermissibly broad or otherwise objectionable is a separate question that will be addressed at the July 14, 2025, pretrial conference. *See generally United States v. Nixon*, 418 U.S. 683, 700 (1974) (noting a trial subpoena must satisfy "three hurdles" to comport with Rule 17: "(1) relevancy; (2) admissibility; (3) specificity"). It is hereby

**ORDERED** that Defendant's constitutional objections to the Subpoena are **OVERRULED**. It is further

**ORDERED** that Defendant's individual objections to Requests Two, Three and Four are **HELD IN ABEYANCE** pending argument at the July 14, 2025, pretrial conference.

Dated: July 11, 2025
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE