FINAL

**COURT EXHIBIT NO. 6**

# JURY INSTRUCTIONS

**August 4, 2025**

**United States v. John Arthur Hanratty**

**24-cr-153**

# TABLE OF CONTENTS

PAGE

I. GENERAL INTRODUCTORY INSTRUCTIONS ... 1
A. Introductory Remarks ... 1
B. Role of the Jury ... 1
C. Equality of the Parties ... 2
D. Presumption of Innocence ... 2
E. Proof Beyond a Reasonable Doubt ... 3
F. The Nature of the Evidence ... 4
G. Direct and Circumstantial Evidence ... 4
H. Credibility of Witnesses ... 5
I. Law Enforcement Witnesses ... 7
J. Particular Investigative Techniques Not Required ... 7
K. Non-Prosecution Agreements ... 7
L. Uncalled Witnesses – Available to Each Side ... 8
M. Preparation of Witnesses ... 8
N. Defendant's Right Not to Testify ... 9
O. Other Individuals Not on Trial ... 9
P. Sympathy: Oath as Juror ... 9
II. SUBSTANTIVE INSTRUCTIONS ... 10
A. Summary of the Charges ... 10
B. Multiple Counts ... 10
C. Direct and Indirect Liability ... 11
D. Count One: Wire Fraud ... 11
1. First Element – Existence of a Scheme ... 11
2. Second Element – Intent ... 12
3. Third Element – Interstate Wires ... 13
E. Count Two: Bank Fraud ... 14
1. First Element – Scheme to Defraud and Financial Institutions ... 15
2. Second Element – Intent to Defraud ... 15
F. Counts One and Two: Alleged Negligence of a Victim Is Not A Defense ... 16

G. Counts Three and Four: Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity ..... 16
H. Motive ..... 17
I. Venue ..... 17
III. FINAL GENERAL INSTRUCTIONS ..... 18
A. Variance in Dates ..... 18
B. Stipulations ..... 18
C. Use of Charts, Summaries and Transcripts ..... 18
D. Rulings on Evidence and Objections ..... 19
E. Duty Not to Consider Possible Punishment ..... 19
F. Closing Arguments ..... 20

# I. GENERAL INTRODUCTORY INSTRUCTIONS

## A. Introductory Remarks

Members of the jury, you have now heard all of the evidence in this case. We have reached the point where you are about to undertake your final function as jurors. You have paid careful attention to the evidence, and I am confident that you will act together with fairness and impartiality to reach a just verdict in this case.

My duty at this point is to instruct you on the law. It is your duty to accept these instructions of law and to apply them to the facts as you determine them, just as it has been my duty to preside over the trial and to decide what testimony and evidence were proper under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney or witness has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction.

To the extent there are any differences between these instructions and the preliminary instructions I gave you at the beginning of trial, the instructions I am giving you now control, meaning that these instructions are the ones you must follow in your deliberations.

## B. Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You determine the reliability of the evidence. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence or lack of evidence. It is your sworn duty, and you

have taken the oath as jurors, to determine the facts and to follow the law as I give it to you. You must not substitute your own notions or opinions of what the law is or ought to be.

**C. Equality of the Parties**

I remind you that in reaching your verdict, you are to perform your duty of finding the facts without bias or prejudice as to any party. You must remember that all parties stand as equals before a jury in the courts of the United States. The fact that the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to Mr. Hanratty or his witnesses. By the same token, the Government is entitled to no less consideration. The Government and Mr. Hanratty stand as equals at the bar of justice. Your verdict must be based solely on the evidence or the lack of evidence.

**D. Presumption of Innocence**

Now, I will instruct you on the presumption of innocence and the Government's burden of proof in this case. Mr. Hanratty has pleaded not guilty. In so doing, he has denied every allegation against him. As a result of Mr. Hanratty's plea of not guilty, the burden is on the prosecution to prove Mr. Hanratty's guilt beyond a reasonable doubt. This burden never shifts to Mr. Hanratty for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

The law presumes Mr. Hanratty to be innocent of the charges against him. I therefore instruct you that Mr. Hanratty is to be presumed by you to be innocent throughout your deliberations. Mr. Hanratty began the trial here with a clean slate. This presumption of innocence alone requires you to acquit Mr. Hanratty unless you as jurors are unanimously convinced beyond a reasonable doubt of Mr. Hanratty's guilt, after a careful and impartial

consideration of all the evidence in this case. If the prosecution fails to sustain its burden as to Mr. Hanratty, then you must find him not guilty. This presumption was with Mr. Hanratty when the trial began, remains with him even now as I speak to you, and will continue with him during your deliberations unless and until you are convinced that the prosecution has proven the elements of each offense beyond a reasonable doubt.

### E. Proof Beyond a Reasonable Doubt

Now, the next question is, what is reasonable doubt? It is a doubt that a reasonable person has after carefully weighing all of the evidence or a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

In a criminal case, the burden is at all times upon the prosecution to prove guilt beyond a reasonable doubt. The law does not require that the prosecution prove guilt beyond all possible doubt; rather, proof beyond a reasonable doubt is sufficient to convict. The burden never shifts to Mr. Hanratty, which means that it is always the prosecution's burden to prove each of the elements of the crimes charged against Mr. Hanratty beyond a reasonable doubt.

If, after fair and impartial consideration of all the evidence, or the lack of evidence, you are satisfied of the guilt of Mr. Hanratty beyond a reasonable doubt, then you must convict Mr. Hanratty. On the other hand, if after fair and impartial consideration of all the evidence, you have a reasonable doubt as to any of the charges you are considering as to Mr. Hanratty, then you must acquit Mr. Hanratty on that charge.

### F. **The Nature of the Evidence**

In determining the facts, you must rely upon your own recollection of the evidence. Evidence consists of the testimony of witnesses and exhibits. The statements and arguments made by the lawyers are not evidence. Their arguments are intended to convince you what conclusions you should draw from the evidence or lack of evidence. You should weigh and evaluate the lawyers' arguments carefully, but you must not confuse them with the evidence. As to the evidence presented at trial, it is your recollection that governs, not the statements of the lawyers. You should also bear in mind that a question put to a witness is never evidence. It is the answer to the question that is evidence. However, if a witness affirms the facts in a question, for example by answering "yes," you may consider the facts in that question to be evidence.

### G. **Direct and Circumstantial Evidence**

There are two types of evidence that you may properly use in deciding whether Mr. Hanratty is guilty or not guilty of the crimes with which he is charged. One type of evidence is called direct evidence. Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard or observed. In other words, when a witness testifies about a fact in issue on the basis of that witness's own knowledge -- by virtue of what he or she sees, feels, touches or hears -- that is direct evidence.

The second type of evidence is circumstantial evidence. Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts. There is a simple example of circumstantial evidence that I gave you on the first day of trial, and I will repeat it now.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day outdoors. Assume that the courtroom shades were drawn and you could not look

outside. Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet and then, a few moments later, somebody else walked in with an umbrella that was also wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact. But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence. You infer on the basis of your reason, experience and common sense from one established fact the existence or the nonexistence of some other fact. Drawing inferences is not the same as guesswork or speculation. An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proven.

It is sometimes difficult to prove material facts by direct evidence. Such facts may be established by circumstantial evidence and the reasonable inferences you draw.

You may consider both direct and circumstantial evidence in deciding this case. The law permits you to give equal weight to both or to none; it is up to you to decide how much weight, if any, to give to any evidence.

**H. <u>Credibility of Witnesses</u>**

I am going to give you a few general instructions about how you may determine whether witnesses are credible and reliable and whether the witnesses told the truth at this trial. It is really just a matter of using your common sense, your judgment and your experience.

First, consider how well the witness was able to observe or hear what he or she testified about. The witness may be honest but mistaken. How did the witness's testimony impress you?

Did the witness appear to be testifying honestly and candidly? Were the witness's answers direct or were they non-responsive? Consider the way the witness acted, his or her way of testifying and the strength and accuracy of his or her recollection. Consider whether any outside factors might have affected a witness's ability to perceive events.

Consider the substance of the testimony. How does the witness's testimony compare with other proof in the case? Is it corroborated or is it contradicted by other evidence? If there is a conflict, does any version appear reliable, and, if so, which version seems more reliable?

In addition, you may consider whether a witness had any possible bias or relationship with a party. Such a bias or relationship does not necessarily make the witness unworthy of belief, but these are factors that you may consider.

If a witness made statements in the past that are inconsistent with his or her testimony during the trial concerning facts that are at issue here, you may consider that fact in deciding how much of the testimony, if any, to believe. In making this determination, you may consider whether the witness purposely made a false statement, or whether it was an innocent mistake. You may also consider whether the inconsistency concerns an important fact or merely a small detail, as well as whether the witness had an explanation for the inconsistency, and, if so, whether that explanation appealed to your common sense.

If you find that a witness has testified falsely as to any material fact or if you find that a witness has been previously untruthful when testifying under oath or otherwise, you may reject that witness's testimony in its entirety or you may accept only those parts that you believe to be truthful or that are corroborated by other independent evidence in the case.

### I. Law Enforcement Witnesses

You have heard the testimony of law enforcement witnesses and other Government employees. The fact that a witness may be employed by the Federal Government as a law enforcement agent or employee does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. As with all other witnesses, it is up to you to decide, after reviewing all the evidence, what weight to give the testimony of law enforcement witnesses.

### J. Particular Investigative Techniques Not Required

You have heard reference to certain investigative techniques that were used or not used by the Government in this case. There is no legal requirement that the Government prove its case through any particular means, but you are to carefully consider the evidence presented by the Government. In doing so, you are not to speculate as to why the Government used the techniques it did or why it did not use other techniques. The Government is not on trial. Law enforcement techniques are not your concern.

### K. Non-Prosecution Agreements

You have heard testimony from a witness who entered into a non-prosecution agreement with the Government. You are instructed that you are to draw no conclusions or inferences of any kind about the guilt of Mr. Hanratty from the fact that a witness entered into such an agreement, even involving similar conduct. The law permits the Government to enter into non-prosecution agreements, and it is no concern of yours why the Government chose to do so here. Instead, you must decide whether the witness gave truthful testimony at trial.

**L. <u>Uncalled Witnesses – Available to Each Side</u>**

There are people whom you heard about during the trial but who did not appear to testify. I instruct you that each party had an opportunity or lack of opportunity to obtain the testimony of any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions about why neither party called a witness or what that witness would have testified had they been called. Their absence should not affect your judgment in any way. You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**M. <u>Preparation of Witnesses</u>**

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the government lawyers, law enforcement agents, defense lawyers, or their own lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, there is nothing unusual or improper about a witness meeting with lawyers before testifying, so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. There is also nothing unusual or improper for a witness to have a lawyer before, during or after meeting with law enforcement.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

**N. <u>Defendant's Right Not to Testify</u>**

Mr. Hanratty did not testify. Under our Constitution, a defendant is never required to testify or to present any evidence because it is always the Government's burden to prove a defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he is innocent. You may not attach any significance to the fact that Mr. Hanratty did not testify. You may not draw any adverse inference against Mr. Hanratty because he did not take the witness stand. You may not consider this in any way in your deliberations. In evaluating the evidence presented by Mr. Hanratty, the question remains -- after you have considered all of the evidence -- whether the Government has proved each charge beyond a reasonable doubt.

**O. <u>Other Individuals Not on Trial</u>**

You may not draw any inference, favorable or unfavorable, toward the Government or the defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

**P. <u>Sympathy: Oath as Juror</u>**

Under your oath as jurors, you are not to be swayed by sympathy. You are to be guided solely by the evidence or lack of evidence in this case in determining whether or not the prosecution has proved Mr. Hanratty's guilt beyond a reasonable doubt. If you let fear, prejudice, bias or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to Mr. Hanratty's guilt on any of the charges, then you must render a verdict of not guilty on that charge. On the other hand, if you find that the

prosecution has met its burden of proving the guilt of Mr. Hanratty beyond a reasonable doubt on any charge, then you must not hesitate because of sympathy or any other reason to render a verdict of guilty on that charge.

## II. SUBSTANTIVE INSTRUCTIONS

### A. Summary of the Charges

Mr. Hanratty is charged in four counts, or charges: wire fraud, bank fraud, and two counts of engaging in monetary transactions in property derived from specified unlawful activity. You will be asked to consider each charge separately and return a separate verdict on each.

The Indictment alleges that Mr. Hanratty acted illegally through his company Ebury Street Capital, LLC, and its subsidiaries. I will refer to the company and its subsidiaries together as "Ebury." The Indictment alleges that Mr. Hanratty engaged in a scheme to defraud Emigrant Business Credit Corporation, and Ebury investors to obtain money. I will refer to Emigrant Business Credit Corporation as EBCC. EBCC is a wholly-owned subsidiary of Emigrant Bank. The Indictment also alleges that, once he received this money, Mr. Hanratty engaged in unlawful monetary transactions on two different days -- specifically that he transferred money in excess of $10,000 to others on May 17, 2019, and on January 13, 2020.

### B. Multiple Counts

As I said, Mr. Hanratty is charged in four counts. Each count charges a separate crime. You must consider each count separately, and you must return a separate verdict on each count. I am now going to discuss the law that applies to each of the charges in this case.

**C. Direct and Indirect Liability**

For each of the four crimes that are charged, there are three ways a defendant may be found criminally liable.

First, he may be found criminally liable if he personally commits a substantive crime.

Second, a defendant may be found criminally liable if, with criminal intent, he willfully caused someone else to engage in certain actions that resulted in the commission of a crime.

Third, a defendant may be found criminally liable if someone else committed a crime and the defendant aided and abetted the commission of that crime. It is unlawful for a person to aid, abet, counsel, command, induce, or procure someone else to commit an offense. To convict on this theory, the Government must prove that the defendant willfully and knowingly associated himself in some way with the crime, and that he willfully and knowingly engaged in some affirmative conduct or some overt act for the specific purpose of bringing about that crime. Participation in a crime is willful if done voluntarily and with a wrongful purpose. An aider and abettor must know that the crime is being committed and act in a way that is intended to bring about its success.

**D. Count One: Wire Fraud**

Let us turn now to Count One, wire fraud.

To prove wire fraud, the Government must establish beyond a reasonable doubt the following three elements:

**1. First Element – Existence of a Scheme**

First, the Government must prove that there existed a scheme or artifice to defraud others of money or property by false or fraudulent pretenses, representations, or promises.

A scheme or artifice to defraud is a plan, device or course of action to obtain money or property by means of false or fraudulent statements, representations, promises or pretenses. A statement or representation is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A statement may also be false if it contains half-truths, conceals material facts, or is ambiguous or incomplete in a manner that makes what is said, or represented, misleading or deceptive. Statements, representations, promises, or pretenses are fraudulent if they were made falsely and with intent to deceive.

The false or fraudulent statement, representation, promise, or pretense must relate to a material fact or matter. A material fact is one that would be expected to influence, or that is capable of influencing, the decision of a reasonable person. A misrepresentation is material if a reasonable person would attach importance to it in deciding how to proceed, or if the defendant knew (or should have known) that the recipient would likely deem it important. It is not necessary for the Government to prove that the scheme to defraud actually succeeded or that someone was harmed, only that the defendant contemplated that a victim would be deprived of money or property as a result of the scheme.

**2.<u>Second Element – Intent</u>**

The <u>second</u> element the Government must prove is that the defendant knowingly participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud.

"Knowingly" and "with knowledge" mean to act voluntarily and deliberately, rather than mistakenly or inadvertently. In determining whether Mr. Hanratty acted "knowingly," you may consider whether he deliberately closed his eyes to what otherwise would have been obvious. As you know, if a person is actually aware of a fact, then he or she knows

that fact. But the law also allows you to find that a defendant had knowledge when the evidence shows that he was aware of a high probability that a statement was false, and that he intentionally avoided confirming it or deliberately shielded himself from the truth. However, guilty knowledge may not be established by demonstrating that Mr. Hanratty was merely negligent, foolish or mistaken. If you find that Mr. Hanratty actually believed that a statement was true, then you may not find that he had knowledge of its fraudulent nature. It is entirely up to you whether you find that Mr. Hanratty deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

To participate in a scheme means to engage in it by taking some affirmative step to help it succeed. "Intent to defraud" means to act knowingly with the specific intent to deceive for the purpose of obtaining money or property from another.

A defendant's good faith is an absolute defense to a charge of wire fraud. If the defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there is no crime. A defendant has no burden to prove his good faith. Rather, the Government must prove bad faith or knowledge of falsity beyond a reasonable doubt.

Direct proof of knowledge and fraudulent intent is not required. Instead, the ultimate facts of knowledge and intent, though subjective, may be established by circumstantial evidence, based upon a person's words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

**3. Third Element – Interstate Wires**

The third element the Government must prove for wire fraud is that, in executing the scheme, the defendant used or caused others to use interstate wires. Here, the parties have

agreed that this element is satisfied by the electronic transactions conducted between EBCC and Mr. Hanratty.

**E. Count Two: Bank Fraud**

Count Two charges Mr. Hanratty with bank fraud from at least in or about 2017 to at least in or about 2021.

There are two distinct ways of committing bank fraud -- by engaging in a scheme (1) to defraud a federally insured financial institution or (2) to obtain the money or property owned by, or in the custody or control of, a federally insured financial institution by means of false and fraudulent representations or promises. For the first type of scheme, the intended victim must be a federally insured financial institution. For the second type of scheme, the money or property must be owned by, or in the custody or control of, a federally insured financial institution, and the money or property must be obtained by the fraud, but the intended victim need not be the federally insured financial institution. Also for the second theory, the false statement must naturally reach the financial institution (or a custodian of the financial institution's property).

Under either theory, the Government must establish two elements beyond a reasonable doubt.

**1. First Element – Scheme to Defraud and Financial Institutions**

The first element of bank fraud is that there was a scheme (1) to defraud a federally insured financial institution, for theory one or (2) to obtain money or property of a federally insured financial institution by means of false or fraudulent representations or promises, for theory two. The difference between these two types of schemes is the role of the federally insured financial institution. For theory one, the intended victim must be a federally insured financial institution. For theory two, the owner or custodian of the fraud proceeds must be a federally insured financial institution, and the false statement must naturally reach the financial institution or a custodian of the financial institution's property. I instruct you, as a matter of law, that a bank insured by the Federal Deposit Insurance Corporation, or "FDIC," is federally insured. I have already defined "scheme," and the same definition applies here. If you find unanimously that either or both types of schemes existed, then the first element is satisfied.

**2. Second Element – Intent to Defraud**

Second, the Government must prove that Mr. Hanratty knowingly participated in the scheme with knowledge of its fraudulent nature and with a specific intent to defraud. I have already explained "knowingly" and "intent to defraud" to you, and those definitions apply here as well. If you found for element one that the type of scheme was the first one -- to defraud a federally insured financial institution -- then you would need to determine whether Mr. Hanratty intended to defraud an entity that was a federally insured financial institution. If you found for element one that the scheme was the second one -- to obtain money or property owned by, or in the custody or control of, a federally insured financial institution by fraud -- then you would need to determine whether Mr. Hanratty intended to defraud some person or entity of money or

property from an entity that was a federally insured financial institution. Under either theory, there is no requirement that Mr. Hanratty knew that the entity was federally insured.

**F. Counts One and Two: Alleged Negligence of a Victim Is Not A Defense**

In determining whether a scheme to defraud existed for Counts One and Two, it is irrelevant whether a victim might have discovered the fraud if he, she, or it had looked more closely or probed more extensively. A victim's negligence or gullibility in failing to discover a fraudulent scheme is not a defense to wire fraud.

**G. Counts Three and Four: Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity**

Let's turn now to Counts Three and Four. Counts Three and Four charge Mr. Hanratty with engaging in unlawful monetary transactions in property derived from specified unlawful activity on two separate dates. The alleged conduct in Count Three occurred on or about May 17, 2019. The alleged conduct in Count Four occurred on or about January 13, 2020. The charges are that on each of these dates, after Mr. Hanratty had received money as part of the wire fraud or bank fraud schemes alleged in Counts One and Two, he knowingly transferred, or caused others to transfer, the funds into various bank accounts involving transactions of $10,000 or more. If you find that the Government did not prove Count One (wire fraud) or Count Two (bank fraud), then you would not need to consider Counts Three and Four. If you do find that the Government proved wire fraud or bank fraud, then you would consider Counts Three and Four.

To sustain its burden of proof on Counts Three and Four, the Government must prove beyond a reasonable doubt each of the following five elements:

First, that the defendant engaged in a monetary transaction in or affecting interstate commerce. The parties agree that this element is satisfied here.

Second, the Government must prove that the monetary transaction involved criminally derived property of a value greater than $10,000. "Criminally derived property" means any property constituting, or derived from, proceeds obtained from a criminal offense.

Third, that the property was derived from specified unlawful activity -- here, the wire fraud or bank fraud schemes charged in Counts One and Two;

Fourth, that the defendant acted knowingly, meaning with knowledge that the transaction involved proceeds of a criminal offense. My previous instructions on "knowingly" apply here as well; and

Fifth, that the transaction took place in the United States.

**H. Motive**

Proof of motive is not a necessary element of any of the crimes with which the defendant is charged. Proof of motive does not establish guilt, nor does the lack of proof of motive establish that the defendant is not guilty. If the guilt of the defendant is shown beyond a reasonable doubt, it is immaterial what the defendant's motive for the crime or crimes may be, or whether the defendant's motive was shown at all. The presence or absence of motive is, however, a circumstance which you may consider as bearing on the intent of the defendant.

**I. Venue**

In addition to all of the elements that I have described, an act in furtherance of each alleged crime must have occurred within the Southern District of New York. This requirement is called "venue." The parties have stipulated to venue -- meaning that both sides agree venue is proper in this case.

## III. FINAL GENERAL INSTRUCTIONS

### A. Variance in Dates

As I have described the charges, you may have noticed that each one refers to particular dates or times. It does not matter if the evidence you heard at trial indicates that an act occurred on a different date, and it is not essential that the Government prove that the charged offenses started and ended on any specific dates. The law requires only a substantial similarity between the dates charged and the dates established by the evidence.

### B. Stipulations

You have heard evidence in the form of what are called "stipulations." A stipulation of fact is an agreement between the parties that a certain fact is true. You should regard such agreed facts as true. However, it is for you to determine the effect or weight to give those facts.

### C. Use of Charts, Summaries and Transcripts

There is evidence before you in the form of charts and summaries. Those exhibits purport to summarize the underlying evidence that was used to prepare them. I admitted these charts and summaries into evidence in place of or in addition to the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. They are no better than the documents upon which they are based. Therefore, you are to give no greater consideration to these charts or summaries than you would give to the evidence upon which they are based. It is for you to decide whether they correctly present the information contained in the testimony and in the exhibits on which they were based.

**D. <u>Rulings on Evidence and Objections</u>**

You should draw no inference or conclusion for or against any party on the basis of the lawyers' objections or my rulings on objections. Counsel have a right and a duty to make legal objections.

Nothing I say is evidence. If I commented on the evidence at any time, do not accept my statements in place of your recollection or your interpretation. It is your recollection and interpretation that govern. Also, do not draw any inference from any of my rulings, which do not indicate any view on my part. You should not speculate about what I may think.

At times I may have asked a witness to keep his or her voice up or directed a witness to be responsive to questions. At times I may have asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any comment, question, or instruction of mine. Nor should you infer that I have any views as to the credibility of any witness, the weight of the evidence, or how you should decide any issue that is before you. That is your role.

Finally, the personalities and the conduct of counsel are not in any way at issue. If you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, those opinions should not enter into your deliberations.

**E. <u>Duty Not to Consider Possible Punishment</u>**

The question of possible punishment of the defendant is of no concern to you, the members of the jury, and should not, in any sense, enter into or influence your deliberations. The duty of imposing sentence rests exclusively upon the Court.

Your function is to weigh the evidence in the case and to determine whether or not the Government has proved that Mr. Hanratty is guilty beyond a reasonable doubt, solely upon the basis of such evidence.

**F. <u>Closing Arguments</u>**

With these instructions in mind, you will next hear from the lawyers, who will give their closing arguments. I remind you that arguments by lawyers are not evidence, because the lawyers are not witnesses. If what they say differs from your recollection of the evidence, your recollection controls. What they say to you in their closing arguments is intended to help you understand the evidence and reach your verdict. Please pay careful attention to their arguments.