UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                 :

UNITED STATES OF AMERICA,       :

                               :       24 Cr. 153 (LGS)

                               :

     -against-               :

                               :       <u>ORDER</u>

JOHN ARTHUR HANRATTY,       :

                    Defendant.  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, following a trial, a jury found Defendant guilty to one count of wire fraud in violation of 18 U.S.C. § 1343, one count of bank fraud in violation of 18 U.S.C. § 1344 and two counts of engaging in a monetary transaction in property derived from specified unlawful activity in violation of 18 U.S.C. § 1957.  A sentencing hearing is scheduled to take place on May 26, 2026.

WHEREAS, the parties have not agreed to a particular calculation of the recommended sentence under the United States Sentencing Guidelines.  The Government argues that the loss calculation properly includes the amount of loan principal Ebury owed to Emigrant Business Credit Corporation ("EBCC") as of the date of Ebury's default.

WHEREAS, "[i]n a case involving collateral pledged or otherwise provided by the defendant," the loss amount "shall be reduced" by "the amount the victim has recovered at the time of sentencing from disposition of the collateral, or if the collateral has not been disposed of by that time, the fair market value of the collateral at the time of sentencing."  USSG § 2.B1.1 cmt. n.3(D)(ii).  Neither party's sentencing submissions provide an estimate of the current fair market value of the collateral, nor does the pre-sentence report.  It is hereby

**ORDERED** that, by **May 21, 2026**, Defendant and the Government shall each file a letter addressing the fair market value of the collateral pledged to EBCC at the time of sentencing and

that value's relevance to the loss calculation.  The letters shall include the parties' positions regarding (1) what record evidence, if any, allows an estimate of the fair market value of the collateral and (2) whether an evidentiary hearing is required to estimate the fair market value of the collateral or, in the alternative, whether the parties waive such a hearing.

Dated: May 14, 2026
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE