UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                          :

UNITED STATES OF AMERICA,         :

                                          :

                                          :         24 Cr. 153 (LGS)

        -against-            :

                                          :           <u>ORDER</u>

JOHN ARTHUR HANRATTY,       :

                        Defendant.  :

------------------------------------------------------------ X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, a sentencing in this action was held on May 26, 2026.  As discussed at the sentencing, Defendant's objections to the Presentence Investigation Report last revised December 8, 2025 (the "PSR"), are resolved as follows:

**<u>Offense Conduct (Paragraphs 7 to 26)</u>**

Defendant's objections to paragraphs 8, 9, 13-15, 18-21 and 24, describing the offense conduct, are **OVERRULED** as moot because "the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B).  The undersigned presided at trial and has available both the trial transcript and all trial exhibits.  The summary of the case and Defendant's offense conduct in the PSR is not considered for the purpose of sentencing and does not affect sentencing.  The Opinion & Order regarding Defendant's post-trial motions (Dkt. No. 228) and the Order determining the loss amount and Offense Level for purposes of the U.S. Sentencing Guidelines (Dkt. No. 231), which summarize relevant facts pertaining to Defendant's offense conduct, are appended to the PSR along with this Order.

**<u>Victim Impact (Paragraphs 28 to 32 and 122)</u>**

Defendant's objection to paragraph 29, relating to restitution, is **OVERRULED** because the paragraph merely states what Emigrant Bank is seeking for restitution and what the Probation

Office believes is owed to Emigrant Bank for restitution.  A separate restitution order will be entered.

Although Defendant does not specifically object to the paragraphs listing the identifiable victims of Defendant's offenses, these paragraphs are amended as follows:

- Paragraph 28 and the accompanying table are deleted and replaced with:

  - The provisions of the Mandatory Victim Restitution Act of 1996 apply to this Title 18 offense.  There is 1 identifiable victim in this case:  Emigrant Bank (including its subsidiary, the Emigrant Business Credit Corporation), which is owed restitution in an amount to be determined.

- Paragraphs 30-32 are deleted.

- Paragraph 122 and the accompanying table are deleted and replaced with:

  - **Statutory Provisions:**  Counts 1 and 2:  Pursuant to 18 U.S.C. 3663A, restitution is mandatory to one victim in an amount to be set forth in the Court's separate restitution order.  Restitution payments are to be addressed to "SDNY Clerk of Court," include the defendant's name and his corresponding docket number, and be mailed to the Clerk of Court, 500 Pearl Street, New York, NY 10007.  The Clerk of Court will process and forward any restitution payments to the victim.  The victim's contact information will be submitted to the Court in a separate memorandum.  The identifiable victim in this case is Emigrant Bank (including its subsidiary, the Emigrant Business Credit Corporation).

**Guidelines Offense Level Adjustments and Computation (Paragraphs 27, 33 to 46 and 111)**

Defendant's objections to paragraphs 27, 38 (listed as 35 in Defendant's objections) and 111 (listed as 110 in Defendant's objections), describing the loss amount, number of victims, amount of restitution and calculation of the Guidelines Offense Level, are **SUSTAINED** in part and **OVERRULED** in part.  The Order entered May 23, 2026, which is also appended to the PSR, discusses the loss amount and appropriate guidelines calculation.  The PSR is amended as follows:

- Paragraph 27 is deleted and replaced with:

  - **HANRATTY** is responsible for a total loss of more than $9,500,000, but not more than $25,000,000.  **HANRATTY** derived more than $1,000,000 in gross receipts

from one or more financial institutions as a result of the offense, as he received in excess of $1,000,000 from the Emigrant Business Credit Corporation, a wholly owned subsidiary of Emigrant Bank.

- Paragraph 38 is deleted and replaced with:

  o Since the defendant is responsible for a total loss of more than $9,500,000, but not more than $25,000,000, pursuant to §2B1.1(b)(1)(K)-(L) and §2S1.1(a)(1), a 20-level increase is added to the base offense level.  Since the defendant derived more than $1,000,000 in gross receipts from one or more financial institutions as a result of the offense – namely, receiving in excess of $1,000,000 from the Emigrant Business Credit Corporation, a wholly owned subsidiary of Emigrant Bank – pursuant to §2B1.1(b)(1)(17)(A) and §2S1.1(a)(1), a two-level increase is added to the base offense level.  Accordingly, the offense level for the underlying offenses is 29.                                                                                        **29**

- Paragraph 43 is deleted and replaced with:

  o **Adjusted Offense Level (Subtotal):**                                              **30**

- Paragraph 46 is deleted and replaced with:

  o **Total Offense Level:**                                                                      **28**

- Paragraph 111 is deleted and replaced with:

  o **Guideline Provisions:**  Based upon a total offense level of 28 and a Criminal History Category of I, the guideline imprisonment range is 78 to 97 months.

Defendant's objections to paragraphs 34 and 44, relating to Defendant's eligibility for an acceptance of responsibility adjustment to the Offense Level, are **OVERRULED**.  Defendant has not clearly demonstrated acceptance of responsibility for his offenses.

## Forfeiture (Paragraph 124)

Defendant's objection to paragraph 124, regarding forfeiture for proceeds traceable to Counts One and Two, is **OVERRULED**.  Defense counsel argues that "the government has never argued that Mr. Hanratty has custody or control over any 'proceeds traceable to' his bank or wire fraud conviction."  The objection is overruled because a defendant does not need to have retained control of the property for it to be forfeitable.  Forfeiture is proper as long as the

Defendant "acquired the . . . proceeds" of the fraud at some point, "even if those proceeds are no longer in his possession because they have been dissipated or otherwise disposed of by any act or omission of the defendant." *United States v. Tanner*, 942 F.3d 60, 68 (2d Cir. 2019) (internal quotation marks and citation omitted).

**<u>Sentencing Options (Paragraphs 110 to 127); Sentencing Recommendation (Pages 46 to 54)</u>**

It is further **ORDERED** that the PSR's description of the maximum term of imprisonment, fine and term of supervised release for Count One (on pages 1 and 46 and in paragraphs 110, 113 and 116-18) is amended, although no party objected to that description. Count One charged that Defendant's offense "affected a financial institution." (Superseding Indictment, Dkt. No. 43, ¶ 1.) Under 18 U.S.C. § 1343, "[i]f the violation . . . affects a financial institution, [an offender] shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both." Count One thus charges a Class B felony, *see* 18 U.S.C. § 3559(a)(2), and the authorized term of supervised release for that count is five years pursuant to 18 U.S.C. § 3583(b)(1). The PSR is amended as follows:

- On page 1, the description of Count 1 is deleted and replaced with:

  - **Count 1:** Wire Fraud (18 U.S.C. 1343 and 2) / Up to 30 years' imprisonment; up to 5 years' supervised release; up to $1,000,000 fine; mandatory $100 special assessment (Class B felony, 18 U.S.C. 3559(a)(2))

- Paragraph 110 is deleted and replaced with:

  - **Statutory Provisions:** <u>Count 1</u>: The maximum term of imprisonment is 30 years, pursuant to 18 U.S.C. 1343. <u>Count 2</u>: The maximum term of imprisonment is 30 years, pursuant to 18 U.S.C. 1344. <u>Counts 3 and 4</u>: The maximum term of imprisonment is ten years, on each count, pursuant to 18 U.S.C. 1957.

- Paragraph 113 is deleted and replaced with:

  - **Statutory Provisions:** <u>Counts 1 and 2</u>: The Court may impose a term of supervised release of not more than five years, on each count, pursuant to 18 U.S.C. 3583(b)(1). <u>Counts 3 and 4</u>: The Court may impose a term of supervised release of not more than three years, on each count, pursuant to 18 U.S.C.

3583(b)(2).

- Paragraph 116 is deleted and replaced with:

    o **Statutory Provisions:** <u>Counts 1 and 2</u>: The defendant is ineligible for probation, on each count, because the count of conviction is a Class B felony, pursuant to 18 U.S.C. 3561(a)(1). <u>Counts 3 and 4</u>: The defendant is ineligible for probation, on each count, because he will be sentenced at the same time on a different count for which probation is expressly precluded since it is a Class B felony (on Counts 1 and 2), pursuant to 18 U.S.C. 3561(a)(3).

- Paragraph 117 is deleted and replaced with:

    o **Guideline Provisions:** <u>Counts 1 and 2</u>: The defendant is ineligible for probation, on each count, because the count of conviction is a Class B felony, pursuant to § 5B1.1(b)(1). <u>Counts 3 and 4</u>: The defendant is ineligible for probation, on each count, because he will be sentenced at the same time on a different count for which probation is expressly precluded since it is a Class B felony (on Counts 1 and 2), pursuant to § 5B1.1(b)(3).

- Paragraph 118 is replaced with:

    o **Statutory Provisions:** <u>Counts 1 and 2</u>: The maximum fine is $1,000,000, on each count, pursuant to 18 U.S.C. 1343 and 1344. <u>Counts 3 and 4</u>: The maximum fine is $250,000, on each count, pursuant to 18 U.S.C. 3571(b).

- On page 46, the table listing the Probation Office's Sentencing Recommendation is amended to read:

| | **Statutory Provisions** | **Guideline Provisions** | **Recommended Sentence** |
|---|---|---|---|
| **CUSTODY:** | Cts. 1 and 2: Up to 30 years, on each count Cts. 3 and 4: Up to 10 years, on each count | 78 to 97 months | Total: 97 months, with 97 months on each count, to run concurrently |
| **SUPERVISED RELEASE:** | Cts. 1 and 2: Up to 5 years, on each count Cts. 3 and 4: Up to 3 years, on each count | Cts. 1 and 2: Not more than 5 years Cts. 3 and 4: Not more than 3 years | Total: 5 years, with 5 years on <u>Counts 1 and 2</u>, and 3 years on <u>Counts 3 and 4</u>, all to run concurrently |
| **PROBATION:** | Ineligible | Ineligible | Ineligible |

| | | | |
|---|---|---|---|
| **FINE:** | <u>Cts. 1 and 2</u>:<br>Up to $1,000,000, on each count<br><u>Cts. 3 and 4</u>:<br>Up to $250,000, on each count | $30,000 to $1,000,000 | Not recommended |
| **RESTITUTION:** | See Court Order | See Court Order | See Court Order |
| **FORFEITURE:** | See Court Order | See Court Order | See Court Order |
| **SPECIAL ASSESSMENT:** | $400 ($100 per count) | $400 | $400 |

It is further **ORDERED** that the Probation Department shall append a copy of this Order to the PSR, along with the Orders at Dkt. Nos. 228 and 231.

Dated: May 27, 2026
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

6