UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                  :
   UNITED STATES OF AMERICA,                       :
                                                  :
                                                  :        24 Crim. 153 (LGS)
             -against-                             :
                                                  :        **<u>ORDER</u>**
   JOHN ARTHUR HANRATTY,                            :
                              Defendant.  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on May 26, 2026, Defendant was sentenced principally to 366 days'

imprisonment pursuant to his convictions on one count of wire fraud, in violation of 18 U.S.C.

§ 1343; one count of bank fraud, in violation of 18 U.S.C. § 1344; and two counts of engaging in

monetary transactions in property derived from specified unlawful activity, in violation of 18

U.S.C. § 1957.  At sentencing, the amount of restitution was found to be unascertainable on the

existing record with respect to the amount of prejudgment interest owed to Emigrant Bank and

Emigrant Business Credit Corporation ("EBCC" and the two entities together, "Emigrant").  *See*

18 U.S.C. § 3664(d)(5).  The interest calculation originally proposed by the Government, based

on the contractual interest rate under the agreements between EBCC and Defendant's companies

(collectively, "Ebury") was rejected.

WHEREAS, after sentencing, the Government and Defendant filed letters regarding the

appropriate calculation of prejudgment interest, if any, to be included in the restitution award.

The Government's letter states that it includes the views of Emigrant.

WHEREAS, in consideration of the arguments in the parties' submissions and in light of

the record as a whole, the total amount of restitution owed to Emigrant is $21,380,509.38,

comprising the outstanding principal balance on EBCC's loan to Ebury ($18,251,647.03) plus

$3,128,862.35, which is the amount of prejudgment interest calculated herein, with no amount added for post-judgment interest.

**Jurisdiction**

WHEREAS, as a threshold matter, the Court has jurisdiction to determine the amount of restitution even though Defendant has filed an appeal of the Judgment.  "As a general matter, the filing of a notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'"  *United States v. Jacques*, 6 F.4th 337, 342 (2d Cir. 2021) (emphasis omitted) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)).

WHEREAS, the amount of restitution is not "involved in the appeal" because the Judgment on appeal did not set the amount of restitution.  At sentencing, the award of restitution was deferred pursuant to 18 U.S.C. § 3664(d)(5).  With respect to restitution, the Judgment states, "See separate Order[] of Restitution," but, before now, no such order has been entered.  The Court has jurisdiction to determine the amount of restitution because the amount of restitution is not "involved in the appeal."

**Award of Interest**

WHEREAS, under the Mandatory Victims' Restitution Act ("MVRA"), 18 U.S.C. § 3663A, a sentencing court "shall order" a defendant convicted of specified crimes to pay restitution.  18 U.S.C. § 3663A(a)(1).  "[T]he court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant."  *Id.* § 3664(f)(1)(A).  In a case involving monetary loss, a district court has discretion to include prejudgment interest "on funds that [the court]

determine[s] [the victim] would have otherwise put to productive use." *United States v. Qurashi*, 634 F.3d 699, 704 (2d Cir. 2011).

WHEREAS, here, prejudgment interest is required to compensate Emigrant for the "full amount of [its] losses," 18 U.S.C. § 3664(f)(1)(A), and is appropriate in the Court's discretion, *see Qurashi*, 634 F.3d at 704.  The record reflects that Emigrant "would have otherwise put" the outstanding principal "to productive use" but for Defendant's fraud.  *Id.*  Specifically, EBCC would not have continued to loan money to Ebury and would have placed Ebury in default, which would have permitted EBCC to accelerate the loan.  *See* May 26, 2026 Order (Dkt. No. 231). EBCC then would have put the loaned funds to productive use -- for instance, by lending the money to other borrowers.[1]

WHEREAS, Defendant's contrary arguments lack merit.  First, Defendant argues that prejudgment interest may be waived if Defendant is unable to pay it.  Section 3664 forecloses this argument.  The statute requires a court to order restitution "without consideration of the economic circumstances of the defendant."  18 U.S.C. § 3664(f)(1)(A).

Second, Defendant argues that prejudgment interest should be waived because the restitution amount was found to be unascertainable at sentencing and because the "precise value of the collateral" underlying the loans was unascertainable for purposes of the Offense Level calculation under the United States Sentencing Guidelines, relying on 18 U.S.C. § 3663A(c)(3) (stating that restitution is not mandatory if "determining complex issues of fact related to the

---

[1] *See, e.g.*, Trial Tr., at 94:19-25 ("Q.  So let's begin with [EBCC].  You testified earlier it is a private lending division of -- in most basic terms, what is a lender?  A.  In most basic terms, a lender . . . will provide money to a borrower with the expectation of it can repaid typically with interest, which is the business portion of it."); Sentencing Tr., at 45:1-3 (EBCC representative stating, "Absent the fraud, the principal would have been productively used elsewhere to earn interest for ourselves and for the benefit of borrowers.").

cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process"). The record does not support these arguments. The award of interest here does not impose significant complications or burdens on the sentencing process. The date of this Order is well within the ninety-day period post-sentencing that § 3664 prescribes for a "final determination of [a] victim's losses." 18 U.S.C. § 3664(d)(5). Additionally, the value of the collateral underlying the loans is unnecessary to determining the appropriate interest rate. A defendant's restitution obligation is offset by pledged collateral only to the extent the lender has received proceeds from the sale of the pledged collateral at the time of the restitution order, which is not the case here. *See Robers v. United States*, 572 U.S. 639, 642 (2014) (holding that "property" under MVRA referred to "the money [the banks] lent to [the defendant], and not to the collateral the banks received").

Third, Defendant argues that the record does not support that EBCC or Emigrant actually would have put the loaned money "to productive use," making prejudgment interest inappropriate. *Qurashi*, 634 F.3d at 704. This argument is unavailing. First, the record does show that EBCC would have put the money to productive use. Second, in *Qurashi*, the Second Circuit found no abuse of discretion "in the absence of evidence that [the victims] *would not have* put the money to productive use." *Id.* (emphasis added). Defendant points to no evidence, and none is in the record, affirmatively indicating that EBCC would not have put the loaned money to productive use.

Finally, Defendant argues that prejudgment interest is unnecessary because Emigrant is entitled to judgment in its New York state civil action against Defendant and Ebury, which will include pre- and postjudgment interest under state law. Section 3664 forecloses this argument.

4

Under the statute, "the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source" is not considered in "determining the amount of restitution," 18 U.S.C. § 3664(f)(1)(B), although "any amount paid to a victim under an order of restitution shall be reduced by any amount *later* recovered as compensatory damages for the same loss by the victim," 18 U.S.C. § 3664(j)(2) (emphasis added).  For the reasons above, prejudgment interest is both required under the MVRA on the facts of this case and is otherwise appropriate.

**Applicable Interest Rate**

WHEREAS, neither the applicable statutes nor binding precedent prescribes the appropriate rate of prejudgment interest.  *See United States v. Smerling*, No. 21 Crim. 317, 2022 WL 1806300, at *2 (S.D.N.Y. June 1, 2022).  In *Smerling*, which is persuasive here, the court calculated prejudgment interest using the statutory postjudgment interest rate, which is "equal to the weekly average 1-year constant maturity treasury yield . . . for the calendar week preceding the first day on which the defendant is liable." *Id.*  (calculating rate based on interest rate for week prior to restitution order); *accord United States v. Glencore Int'l A.G.*, No. 22 Crim. 297, 2023 WL 2242469, at *9 (S.D.N.Y. Feb. 27, 2023).  That approach is appropriate on the facts of this case and is applied here.  However, instead of the interest rate applicable for the week prior to this Order, the interest rate for the week prior to sentencing is applied because the finding was made at sentencing that Defendant owed restitution to Emigrant in the amount of "the outstanding principal owed by Ebury to EBCC."

WHEREAS, the weekly average one-year constant maturity Treasury yield for the calendar week preceding sentencing was 3.82%.[2]  Applying this interest rate from the date on which EBCC placed Ebury in default (November 29, 2021) to and including the date immediately prior to sentencing (May 25, 2026) yields a total prejudgment interest amount of $3,128,862.35, and a total restitution amount of $21,380,509.38.  Defendant does not contest the accuracy of this calculation.

**Postjudgment Interest**

WHEREAS, postjudgment interest is waived pursuant to 18 U.S.C. § 3612(f)(3)(A) because Defendant does not have the ability to pay postjudgment interest in light of his restitution and forfeiture obligations.  It is hereby

**ORDERED** that Defendant shall pay restitution in the amount of $21,380,509.38 to Emigrant Bank.  A separate restitution Order will accompany this Order.

Dated: June 12, 2026
      New York, New York

                                 LORNA G. SCHOFIELD
                            UNITED STATES DISTRICT JUDGE

---

[2] Bd. of Governors of the Fed. Rsrv. Sys., Data Download Table, https://www.federalreserve.gov/datadownload/DownloadTable.aspx?rel=H15&series=baf5b6bc360d96888021f4c7b4b061f5&lastobs=&from=05/01/2026&to=05/26/2026&filetype=spreadsheetml&label=include&layout=seriescolumn (last visited June 9, 2026) [https://perma.cc/M3GK-338Z].