UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

v.

JOHN ARTHUR HANRATTY

~~Proposed~~
**Order of Restitution**

S1 24 CR 153-01 (LGS)

_____

Upon the application of the United States of America, by its attorney, Jay Clayton, United States Attorney for the Southern District of New York, Danielle Kudla, Adam S. Sowlati, Assistant United States Attorneys, of counsel; the presentence investigation report; the separate Order issued today regarding prejudgment interest on the defendant's restitution obligation; the defendant's conviction on Counts One through Four of the Superseding Indictment; and all other proceedings in this case, it is hereby ORDERED that:

1.      **Amount of Restitution**

JOHN ARTHUR HANRATTY, the defendant, shall pay restitution in the total amount of $21,380,509.38, pursuant to 18 U.S.C. § 3663; 18 U.S.C. § 3663A, to the victims of the offense charged in Counts One through Four.  The names, addresses, and specific amounts owed to each victim are set forth in the Schedule of Victims, attached hereto as Schedule A.  Upon advice by the United States Attorney's Office of a change of address of a victim, the Clerk of Court is authorized to send payments to the new address without further order of this Court.

A.      **Apportionment Among Victims**

Pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.  Restitution shall be paid to the victim(s) identified in the Schedule of Victims, attached hereto as Schedule A, on a pro rata basis, whereby each payment shall be distributed proportionally to each victim based upon the amount of loss for each victim, as set forth more fully in Schedule A.

2.      **Schedule of Payments**

Pursuant to 18 U.S.C. § 3664(f)(2), in consideration of the financial resources and other assets of the defendant, including whether any of these assets are jointly controlled; projected earnings and other income of the defendant; and any financial obligations of the defendant; including obligations to dependents, the defendant shall pay restitution in the manner and according to the schedule that follows:

The total amount of restitution is due immediately, and in the interest of justice, it is payable in installments pursuant to 18 U.S.C. § 3572(d)(1) and (2).  The defendant will commence monthly installment payments of at least 15 percent of the defendant's gross income, payable on the 1st day of each month.  While serving the term of imprisonment, the defendant shall make installment payments toward restitution and may do so through the Bureau of Prisons' (BOP) Inmate Financial Responsibility Plan (IFRP).  Any unpaid amount remaining upon release from prison will be paid in installments of at least 15 percent of the defendant's gross income on the 1st day of each month.

This schedule is without prejudice to the Government taking enforcement actions, pursuant to 18 U.S.C. § 3613, to the extent warranted. Postjudgment interest is waived pursuant to 18 U.S.C. § 3612(f)(3) because the Defendant lacks the ability to pay such interest.

3.      **Payment Instructions**

The defendant shall make restitution payments by certified check, money order, or online. Instructions for online criminal debt payments are available on the Clerk of Court's website at https://nysd.uscourts.gov/payment-information#PaymentofCriminalDebt.  Checks and money orders shall be made payable to the "SDNY Clerk of Court" and mailed or delivered to: United States Courthouse, 500 Pearl Street, New York, New York 10007 - Attention: Cashier, as required

by 18 U.S.C. § 3611.  The defendant shall write his/her name and the docket number of this case on each check or money order.

### 4.    Change in Circumstances

The defendant shall notify, within 30 days, the Clerk of Court, the United States Probation Office (during any period of probation or supervised release), and the United States Attorney's Office, 86 Chambers Street, 3rd Floor, New York, New York 10007 (Attn: Financial Litigation Program) of (1) any change of the defendant's name, residence, or mailing address or (2) any material change in the defendant's financial resources that affects the defendant's ability to pay restitution in accordance with 18 U.S.C. § 3664(k).

### 5.    Term of Liability

The defendant's liability to pay restitution shall terminate on the date that is the later of 20 years from the entry of judgment or 20 years after the defendant's release from imprisonment, as provided in 18 U.S.C. § 3613(b).  Subject to the time limitations in the preceding sentence, in the event of the death of the defendant, the defendant's estate will be held responsible for any unpaid balance of the restitution amount, and any lien filed pursuant to 18 U.S.C. § 3613(c) shall continue until the estate receives a written release of that liability.

### 6.    Sealing

Consistent with 18 U.S.C. §§3771(a)(8) & 3664(d)(4) and Federal Rule of Criminal Procedure 49.1, to protect the privacy interests of victim(s), the Schedule of Victims, attached hereto as Schedule A, shall be filed under seal, except that copies may be retained and used by or

disclosed to the listed victims, the Government, the investigating agency, the Clerk's Office, and

the Probation Office, as needed to effect and enforce this Order, without further order of this Court.

SO ORDERED:

June 12, 2026
DATE

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                       :

UNITED STATES OF AMERICA        :        **Schedule A**

             - v. -                :

JOHN ARTHUR HANRATTY,      :        S1 24 CR. 153-01 (LGS)

            Defendant.       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| Victim and Contact Information | Amount |
|---|---|
| Emigrant Bank ███████████████ | $21,380,509.38 |

2023.2.16                 5